IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-SW-05031

IN THE MATTER OF THE EXECUTION
OF A SEARCH WARRANT
FOR ONE WHITE 4 1/8" x 9 3/8" ENVELOPE
BEARING A POSTMARK FROM LOS
ANGELES CA DATED FEBRUARY 28, 2008
THE RETURN ADDRESS IS LISTED:
Alex Lacallo
622 E. 38th Street
Los Angeles, CA 90011
THE ENVELOPE IS ADDRESSED TO:
Gerardo Lopez, 1247 W. 101st Pl., Northglenn, CO 80260,
AND CURRENTLY LOCATED AT 1745 STOUT STREET,
DENVER, COLORADO 80299.

*EX PARTE* GOVERNMENT MOTION
PURSUANT TO TITLE 18 U.S.C. § 3103a(b) and (c)
FOR AN ORDER PERMITTING
A SIXTY DAY DELAY
IN SERVICE OR DELIVERY OF A COPY OF SEARCH
WARRANT AND INVENTORY TO SENDER OR RECIPIENT
OF SUBJECT CORRESPONDENCE SEARCHED PURSUANT TO WARRANT AND
MOTION FOR AN ORDER TO SEAL RELATED PAPERS

THE UNITED STATES OF AMERICA, by United States Attorney Troy A. Eid, through

Assistant United States Attorney Pegeen D. Rhyne (Government), hereby enters the

Government's Motion for an Order Permitting a Sixty-Day Delay in Service or Delivery of a

Copy of Search Warrant and Inventory to the sender or recipient of the Subject Correspondence

to be searched:One white 4 1/8" x 9 3/8" envelope bearing a postmark from Los Angeles, CA

dated February 28, 2008. The return address is listed: Alex Lacallo, 622 E. 38th Street, Los

Angeles, CA 90011. The envelope is addressed to: Gerardo Lopez, 1247 W. 101st Pl.,

Northglenn, CO 80260, which is currently in the possession of a Postal Inspector located at 1745 Stout Street, Denver, Colorado, 80299. The Government states and represents to the Court as follows:

1. For reasons and upon the grounds set forth in the application and affidavit for search warrant in this case, together with this motion, there is (1) reasonable cause to believe that providing immediate notification of the existence and execution of a federal search warrant may have an adverse result (as defined in Title 18 U.S.C. § 2705(a)(2)) on an investigation, and (2) reasonable necessity for investigators to seize any data or information representing evidence of crime at the time of the execution of the within described search warrant.

2. This request for authorization to execute the warrant in a manner consistent with the purposes and objectives of the underlying investigation, which is described briefly in the application and affidavit submitted for the search warrant, is in accordance with the principles recognized by the Supreme Court in *Dalia v. United States*, 441 U.S. 238, 247-248 (1979), and the language of 18 U.S.C. 3103a(b)and (c) providing that this Court may order delay of the notification of the execution of the search warrant for a period not to exceed thirty days or "a later date certain if the facts of the case justify a longer period of delay," § 3103a(b)(3), where there is reasonable cause to believe that providing immediate notification may have an adverse effect (such as the removal or destruction of evidence, flight from prosecution, or otherwise jeopardizing an investigation) upon an underlying investigation. Such period of delay may thereafter be extended by the court for good cause shown for "periods of 90 days or less, unless the facts of the case justify a longer period of delay." § 3103a(c).

3. Government counsel and the investigating agent have applied to the Court for a search warrant for the Subject Correspondence pursuant to Federal Rule of Criminal Procedure 41. The Subject Correspondence will be searched promptly after a Search Warrant is authorized and issued by the court. Since the sender and recipients of the Subject Correspondence are separated from the Subject Correspondence, it is not anticipated that the sender or recipient of the Subject Correspondence will be aware of the fact that is has been searched until notice is served upon him or them.

4. As of today's date, it is estimated that the underlying will continue for sixty days or longer. The Government respectfully submits that serving notice of the execution of the federal search warrant is likely to alert the targets of the investigation to the fact that the targets are subject to a focused federal law enforcement investigative effort. It is anticipated that, if the targets of the investigation recognize that they are subject to focused federal law enforcement activity, the targets of the investigation are likely to take evasive action, make greater use of counter surveillance to detect law enforcement presence, remove evidence, tamper with evidence, conceal evidence, tamper with potential witnesses, or take flight.

5. The Court has the inherent power to fashion orders consistent with the Fourth Amendment to further establish law enforcement needs. "[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Title 28 U.S.C. § 1651(a). *See Dalia,* 441 U.S. at 254 n. 16.

6. "No provision specifically requiring notice of the execution of a search warrant is included in the Fourth Amendment." *United States v. Pangburn,* 983 F.2d 449, 453-454 (2d Cir.

1993)(Notice of a covert entry Rule 41 search may be given "within a reasonable time after the covert entry..").

7. Before the 2001 and 2006 amendments to Title 18 U.S.C. § 3103a, which now provide for delayed notice practice and standards, in situations where specific provisions of Federal Rules of Criminal Procedure or statutory provisions did not detail completely the procedures to be followed under unusual circumstances, federal courts tailored orders to permit effective law enforcement activity supported by probable cause and consistent with the Fourth Amendment. *See United States v. Mesa-Rincon*, 911 F.2d 1433, 1436 (10th Cir. 1990)(Rule 41 "sufficiently flexible" to authorize installation of video camera and to permit covert entry to install video camera despite lack of specific language in rule or statute addressing covert entry or installation of video cameras).

8. Courts properly have issued orders authorizing execution of covert entries in furtherance of legitimate law enforcement objectives supported by probable cause. In *Dalia*, 441 U.S. at 247-248, the Supreme Court ruled on a defendant's objection to a search warrant executed covertly:

> Petitioner . . . argues that covert entries are unconstitutional for their lack of notice. This argument is frivolous, as was indicated in *Katz v. United States*. . . . where the Court stated that "officers need not announce their purpose before conducting an otherwise [duly] authorized search if such an announcement would provoke the escape of the suspect or the destruction of critical evidence."

*Id. Cf. United States v. Stewart*, 867 F.2d 581 (10th Cir. 1989); *see also United States v. Mitchell*, 783 F.2d 971, 974 (10th Cir.1986) (a no-knock warrant may be justified by specific circumstances tending to show that compliance with 18 U.S.C. § 3109 knock-and-announce rule could result in the destruction of evidence or danger to officers); *United States v. Musa*, 401 F.3d

1208 (10th Cir. 2005) (no-knock entry permissible where officers had reasonable suspicion that knocking and announcing would result in destruction of evidence); *see also Hudson v.* Michigan, 126 S.Ct. 2159 (2006) (violation of knock-and-announce rule did not require suppression of evidence found in search); *United States v. Grubbs*, 126 S.Ct. 1494 (2006) (anticipatory search warrants are permissible).

9. In *Katz v. United States*, 389 U.S. 347, 355 n.16 (1967), the Supreme Court observed, with respect to the notice requirements of Rule 41:

> Nor do the Federal Rules of Criminal Procedure impose an inflexible requirement of prior notice. Rule 41(d) does require federal officers to serve upon the person searched a copy of the warrant and a receipt describing the material obtained, but it does not invariably require that this be done before the search takes place.

*Id.* As of today's date, of course, Title 18 U.S.C. § 3103a is in effect.

10. The Supreme Court in *Dalia,* 441 U.S. at 248, held that delayed notice in the context of a covert entry in furtherance of electronic surveillance, provided to the occupants some time after the covert entry, sufficiently protects the occupant of the premises from unreasonable search. *Id.* The Supreme Court also held that courts have the inherent power to authorize delayed notice entries for the purpose of effectuating the otherwise explicitly articulated law enforcement objective reflected in Title III, although neither Title III nor Rule 41 explicitly addresses covert entries. *Id.* at 254.

11. In *United States v. Villegas*, 899 F.2d 1324 (2d Cir. 1990), the Court of Appeals upheld a delayed notice search warrant which permitted the investigating agent to make a surreptitious entry of a farmhouse and take photographs. The issuing court entered orders permitting delayed notification of the search. In all, eight extensions of delayed notification were

5

authorized between May 13, 1987 and July 13, 1987. The delays were ruled permissible and the defendant's motion to suppress the evidence was denied. *See also United States v. Freitas*, 800 F.2d 1451, 1455 (9th Cir. 1986); *United States v. Freitas*, 856 F.2d 1425, 1433 (9th Cir. 1988)(If warrant had provided for "post-search notice within seven days" it would have been constitutional --- the constitutional "infirmity did not emanate from the surreptitious nature of the entry. . . . or even from the fact that the warrant failed to provide for contemporaneous notice. Rather, it was based on a distinction between post-search notice and no notice"). *Cf. United States v. Johns*, 948 F.2d 599, 602-604 (9th Cir. 1991) (Delay of notice for an indefinite time unreasonable --- but such a violation of Rule 41(d) represented a nonfundamental violation and motion for suppression of the evidence was denied under a *Leon* rationale).

12. The Government respectfully submits that, under the circumstances, including the facts related in the affidavit submitted in support of the application for the search warrant, it is necessary for Special Agents and Special Federal Officers responsible for the supervision of the state or federal officers who ultimately execute the search, to execute the search warrant without contemporaneously leaving a copy of the search warrant with the sender or recipient of the Subject Correspondence to be searched. The Government respectfully submits that there is reasonable cause to believe that providing contemporaneous notice may result in permitting federal drug trafficking felony offenders to avoid apprehension and in the destruction, removal and concealment of evidence of crime, fruits of crime, and contraband controlled substances. Additionally, the affidavit reveals the existence of an on-going wiretap investigation. Under the circumstances, the Government respectfully submits that the Court has grounds to find that there

is a reasonable necessity for investigators to seize and copy the envelop and contents of the Subject Correspondence.

13. Further, the Government respectfully asks this Court to order that any Order issued pursuant to this motion, related Government motions, the search warrant application, supporting affidavit, and search warrant shall be sealed for sixty days or until further order of court, save and except for copies of said papers to be used for official purposes only by members of the staff of the Court, members of the staff of the United States Attorney, Special Agents, Special Federal Officers, and officers and agents assisting said Special Agents, Special Federal Officers, and Government Attorneys in the performance of their official duties.

Respectfully submitted this 4th day of March, 2008.

TROY A. EID
United States Attorney

BY: PEGEEN D. RHYNE
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-SW-05031

IN THE MATTER OF THE EXECUTION
OF A SEARCH WARRANT
FOR ONE WHITE 4 1/8" x 9 3/8" ENVELOPE
BEARING A POSTMARK FROM LOS
ANGELES CA DATED FEBRUARY 28, 2008
THE RETURN ADDRESS IS LISTED:
Alex Lacallo
622 E. 38th Street
Los Angeles, CA 90011
THE ENVELOPE IS ADDRESSED TO:
Gerardo Lopez, 1247 W. 101st Pl., Northglenn, CO 80260,
AND CURRENTLY LOCATED AT 1745 STOUT STREET,
DENVER, COLORADO 80299.

COMBINED ORDER PERMITTING A SIXTY DAY DELAY
IN SERVICE OR DELIVERY OF A COPY OF SEARCH
WARRANT AND INVENTORY TO THE SENDER OR RECIPIENT OF SUBJECT
CORRESPONDENCE SEARCHED PURSUANT TO WARRANT
AND ORDER TO SEAL SEARCH WARRANT APPLICATION
AND RELATED PAPERS

THE COURT has reviewed the Government's Ex Parte Motion Filed Pursuant to Title 18 U.S.C. § 3103a(b) and (c) for a Sixty-Day Delay in Service or Delivery of a Copy of Search Warrant and Inventory to the Sender or Recipient of: One white 4 1/8" x 9 3/8" envelope bearing a postmark from Los Angeles, CA dated February 28, 2008. The return address is listed: Alex Lacallo, 622 E. 38th Street, Los Angeles, CA 90011. The envelope is addressed to: Gerardo Lopez, 1247 W. 101st Pl., Northglenn, CO 80260, and currently located at 1745 stout street, Denver, Colorado 80299 ("Subject Correspondence"), to be Searched Pursuant to Warrant and Motion to Seal Related Papers. The Court has the inherent power to fashion orders consistent

with the Fourth Amendment to further law enforcement purposes served by Fed.R.Crim.P. 41. "[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Title 28 U.S.C. § 1651(a). *See Dalia v. United States*, 441 U.S. 238, at 254 n. 16. (1979).

Title 18 U.S.C. § 3103a(b) and (c), provide that this Court may order delay of the notification of the execution of the search warrant for a period not to exceed thirty days or "a later date certain if the facts of the case justify a longer period of delay," § 3103a(b)(3), where there is reasonable cause to believe that providing immediate notification may have an adverse effect (such as the removal or destruction of evidence, flight from prosecution, or otherwise jeopardizing an investigation) upon an underlying investigation. Such period of delay may thereafter be extended by the court for good cause shown for "periods of 90 days or less, unless the facts of the case justify a longer period of delay." Further, § 3103a provides that the Court may authorize the seizure of tangible evidence during the execution of the search warrant if the Court finds reasonable necessity for such seizures of tangible evidence.

The Court is advised that the Subject Correspondence to be searched is within the State and District of Colorado.

The Court has reviewed the motion for delayed notice and authorization to seize evidence, the search warrant application, and the affidavit submitted in support of the application for search warrant. Being now sufficiently advised in the premises, the Court finds and concludes as follows:

A related ongoing investigation is being conducted. Investigators believe targets of said investigation to be associated with the evidence being sought by the application for search

warrant. The related investigation is not likely to terminate within the next sixty days. Public knowledge of the existence of a federal search warrant would be likely to alert the targets of the investigation to the fact that the targets are the subject of federal law enforcement attention. Premature disclosure of the existence and execution of a federal search warrant could impede the investigation, apprehension and prosecution of persons acting in violation of the laws of the United States. Similarly, failing to seize evidence found during the execution of the search warrant could result in the removal, concealment, destruction, or disposition of such items.

The Court finds and concludes that there is reasonable cause to believe that providing immediate notification of the existence and execution of the federal search warrant may have an adverse result (as defined in Title 18 U.S.C. § 2705(a)(2)) on the investigation, and that there is reasonable necessity for investigators to seize evidence representing possible evidence of crime at the time of the execution of the within search warrant as required by the terms of Title 18 U.S.C. § 3103a(b) and ( c). See *Dalia v. United States*, 441 U.S. 238, 247-248 (1979).

Under the circumstances, including the facts related in the affidavit submitted in support of the application for the search warrant, it is necessary for Special Agents and Special Federal Officers responsible for the supervision and direction of the state or federal officers who ultimately may execute the search, to execute the search warrant without contemporaneously announcing the intention to execute a search warrant (18 U.S.C. § 3109) and there is reasonable cause and necessity to do so without contemporaneously leaving a copy of the search warrant and inventory with the Subject Correspondence or with the sender or recipient of said Subject Correspondence to be searched pursuant to warrant.

Therefore, pursuant to Title 28 U.S.C. § 1651 and Title 18 U.S.C. § 3103a(b) and (c), the Court hereby orders that the Government shall delay for up to sixty days providing a copy of the search warrant and inventory to sender or recipient of the Subject Correspondence searched in this matter. In the event the Government determines that an extension of the delay permitted by this order is necessary to further the interests of justice, the Government may file a subsequent motion for an enlargement of the time of delay pursuant to 18 U.S.C. § 3103a(c).

Further, the Court orders that this order, all related Government motions, the search warrant application, supporting affidavit, and search warrant shall be sealed for sixty days or until further order of this Court, save and except for copies of said papers to be used for official purposes only by members of the staff of the Court, members of the staff of the United States Attorney, Special Agents, Special Federal Officers, and officers and agents assisting said Special Agents, Special Federal Officers, and Government Attorneys in the performance of their official duties.

Signed and entered this 4TH day of March, 2008, at 2:00 P.M.

BY THE COURT:

*[signature]*

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO